■ GARDEN PARTY HOUSE, INC., Plaintiff, v. SHEEHAN EQUIPMENT CO., INC., Appellant, and ROCHESTER INDUSTRIAL INSULATIONS, INC., Respondent. — Order unanimously reversed, without costs of this appeal to either party and motion granted, without costs. Memorandum: The complaint alleged that the plaintiff entered into a contract with the defendant Sheehan Equipment Co., Inc., for the installation of a heating and air conditioning unit in the plaintiff's building and that that defendant entered into a subcontract with the defendant Rochester Industrial Insulations, Inc., under which the latter agreed to supply and install certain insulation material. The complaint further alleged as to each defendant that the materials furnished by it were defective, improper, unsafe and inherently dangerous and that the work of installation was negligently done and that, as a result, the premises of the plaintiff "were caused to be set afire and the building, together with the contents therein were damaged by fire". The defendant Sheehan, in its answer, set up a cross claim against the defendant Rochester alleging that "all of the insulation and

mechanical work" had been sublet by it to the latter and charging that, if there was any negligence in the use of inferior or improper insulation material or in the improper or careless installation thereof, it was the negligence of the defendant Rochester. No attack was made upon the sufficiency of this cross claim by the defendant Rochester but, in its answer, it countered with a cross claim against the defendant Sheehan alleging that, if it was held liable to the plaintiff for. negligence, its negligence would be "merely passive and its liability * * * secondary in character" and that the damage to the plaintiff was caused by the "active and primary negligence" of the defendant Sheehan. The defendant Sheehan moved to dismiss this cross claim as insufficient on its face. The motion should have been granted. There were no allegations of fact either in the original complaint or in the cross claim which could possibly give rise to a claim for a recovery over in favor of Rochester against Sheehan. The allegations of the cross claim are wholly conclusory and are insufficient to constitute a cause of action for indemnity. So far as appears from the pleadings, the defendant Rochester supplied the insulation material and did all the installation and mechanical work. If it is held liable to the plaintiff, it will be for its own primary negligence and not for its "failure to discover and remedy, or warn against, [a] dangerous condition created by the negligence of the other defendant" (*Brady* v. *Weiss & Sons,* 6 A D 2d 241, 245–246). (Appeal from order of Monroe Special Term denying motion by defendant Sheehan Equipment Co. for a dismissal of the cross complaint of defendant Rochester Industrial Insulations.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.